OPINION
Appellant Levander V. McClellan appeals a judgment of the Canton Municipal Court finding him in direct Contempt of Court, and sentencing him to thirty days incarceration:
ASSIGNMENTS OF ERROR:
 I. APPELLANT'S CITATION FOR CONTEMPT BY THE COURT SHOULD BE OVERTURNED AS HIS ACTIONS WERE NOT SUCH AS TO CREATE A CLEAR AND PRESENT DANGER THAT WOULD BRING ABOUT A SUBSTANTIAL INTERFERENCE WITH THE ORDERLY ADMINISTRATION OF JUSTICE.
 II. APPELLANT'S CITATION FOR CONTEMPT SHOULD BE OVERTURNED BECAUSE THE PENALTY IMPOSED BY THE COURT WAS NO COMMENSURATE WITH THE GRAVITY OF THE OFFENSE.
On June 24, 1997, Appellant was convicted by the Canton Municipal Court of Disorderly Conduct by Intoxication and Resisting Arrest. Sentencing was set for June 26, 1997. After setting a date for the sentencing hearing, the court remanded appellant to the custody of the Stark County Jail. While getting up from his chair, appellant threw his chair into his bar, breaking the arm of the chair in half. The court held appellant in direct Contempt of Court, and sentenced him to thirty days incarceration.
 I.
Appellant argues that the court abused its discretion in finding appellant in direct Contempt of Court.
A court may summarily punish a person guilty of misbehavior in the presence of or so near the court or Judge as to obstruct the administration of justice. R.C. 2705.01. In the instant case, after appellant was placed into the custody of the Stark County Sheriff, he threw his chair into the bar with sufficient force to break the arm of the chair in half. Appellant did this in the presence of the Judge, the prosecutor, the bailiff, and defense counsel. A violent outburst which results in severe damage to court property, committed in front of the court, is certainly within the parameters of R.C. 2705.01. The court did not abuse its discretion in finding that appellant committed direct Contempt of Court.
The first Assignment of Error is overruled.
 II.
Appellant argues that the punishment imposed by the court was not commensurate with the gravity of the offense. Appellant first argues that the court erred in failing to hold a hearing before finding him in Contempt of Court. In the instant case, the conduct which constituted contempt of court occurred in the presence of the Judge. Therefore, holding a hearing to prove appellant guilty of contempt would have served no purpose.
Appellant also argues that the penalty was not reasonably commensurate with the gravity of the offense. R.C. 2705.05(A)(1) provides that for a first offense of Contempt of Court, sentence may be a fine of not more than $250, a definite term of imprisonment of not more than sixty days, or both. Appellant has not demonstrated that thirty days was not commensurate with the offense. Although appellant argues that he was justifiably upset at having been convicted in a manner in which he thought was erroneous, his personal feelings concerning the appropriateness of conviction cannot justify his conduct in seriously damaging a piece of court property.
The second Assignment of Error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00212
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed. Costs to appellant.